25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Donna Young GRUBBS, Plaintiff-Appellant,
v.
WESTERN BAPTIST, Western Baptist Hospital, Defendant-Appellee.
 No. 93-6584.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1994.
 
 Before SUHRHEINRICH, BATCHELDER and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff appeals a district court judgment granting summary judgment for the defendant in her employment discrimination suit filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking a declaratory judgment, injunctive relief, and $800,000 in damages, Grubbs sued a privately owned hospital alleging that it denied her equal employment rights and equal conditions of employment on the basis of her race under 42 U.S.C. Secs. 2000e, 1981, 1985 and 1986, as well as the Fifth and Fourteenth Amendments to the U.S. Constitution.
 
 
 3
 The defendant filed a motion for summary judgment and Grubbs responded with a memorandum in opposition. The district court granted the defendant summary judgment, concluding that Grubbs had failed to establish a prima facie case of disparate treatment, that Grubbs's allegation of discriminatory discharge was not actionable under Sec. 1981, that Grubbs's allegations under Sec. 1985 and 1986 were meritless because Grubbs had failed to allege a conspiracy and conspiracy is an essential element of those statutes, and, that Grubbs's claims under the Fifth and Fourteenth Amendments were unavailing because the Amendments do not reach the private conduct of a privately owned hospital.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the defendant because there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 Grubbs did not even establish a prima facie case of employment discrimination under Title VII. To establish a claim of disparate treatment (the theory argued by Grubbs), an individual may establish a prima facie case by showing that an employer took action adversely affecting the plaintiff's compensation, terms, conditions, or privileges of employment under circumstances giving rise to an inference of unlawful discrimination. See Galbraith v. Northern Telecom, Inc., 944 F.2d 275, 279 (6th Cir.1991), cert. denied, 112 S.Ct. 1497 (1992). A prima facie case of disparate treatment requires the plaintiff to produce evidence which at a minimum establishes that: 1) she was a member of a protected class; and 2) that for the same or similar conduct, she was treated differently than similarly-situated non-minority employees. Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir.1992). Once a prima facie case is shown, the defendant then must articulate a legitimate reason for acting as it did against the plaintiff. Galbraith, 944 F.2d at 279. If this burden of production is met, the presumption created by plaintiff's prima facie case is rebutted, Saint Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2747 (1993), and the plaintiff then must prove that the employer's proffered reason is pretextual and proceed to prove by the preponderance of the evidence that the employer did discriminate against her on the basis of her race. Id. at 2747-48; Galbraith, 944 F.2d at 279. Grubbs established the first element of a prima facie case, as a black woman and a member of a protected class, however, she failed to show that she was treated differently than similarly-situated non-minority employees, as explained by the district court.
 
 
 6
 Further, even if it is assumed that Grubbs established a prima facie case, the presumption of discrimination disappeared when the hospital articulated a legitimate, nondiscriminatory reason for Grubbs's discharge, i.e., unsatisfactory job performance. See Saint Mary's Honor Ctr. v. Hicks, 113 S.Ct. at 2747-48. In the face of the defendant's well supported motion for summary judgment, Grubbs was required, yet failed, to show significant probative evidence to the contrary.
 
 
 7
 Finally, Grubbs's remaining claims that her discharge violated 42 U.S.C. Secs. 1981, 1985 and 1986, and her claims that her discharge violated the Fifth and Fourteenth Amendments to the U.S. Constitution are all meritless for the reasons set forth by the district court.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.